PICKERING, Circuit Judge,
specially concurring:
I concur in the result but write separately because the attorney’s fee sanction against defendant Brown has given me considerable pause and concern. The district court’s finding alter ego as a sanction had the effect of imposing a $2.8 million attorney’s fee on the individual defendant Brown. Our case law is very clear that we should not dismiss a cause of action as a sanction unless all other lesser sanctions have been considered and found ineffective. Long v. Simmons, 11 F.3d 878, 880 (5th Cir.1996) (“A dismissal without prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action.”). That same rationale should be applicable in this case. Dismissing a complaint puts a plaintiff out of court without trial, and finding alter ego as a sanction, in this case imposed liability on a defendant without trial. One is the death sentence to a plaintiff. The other is the death sentence to a defendant.
The Ergonome defendants strenuously argue that plaintiffs were seeking alter ego discovery only for the purpose of jurisdiction and not for the purpose of liability. However, the record clearly reflects that at least eighteen months before the sanction was imposed, Compaq made it clear to the Ergonome defendants that it was seeking alter ego liability as to Brown for attorney’s fees. Despite their argument to the contrary, the Ergonome defendants were on notice well before the sanction was imposed that Compaq was trying to obtain an award of attorney’s fees against the individual defendant Brown on the basis of alter ego.
A sanction of this magnitude is a serious consequence and should not be imposed lightly. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (“sanctions ... should not be assessed lightly or without a fair notice and an opportunity for a hearing on the record.”). I write separately to emphasize the egregiousness of the litigation strategy of the Ergonome defendants, absent which I would not concur in this sanction.
The Ergonome defendants’ litigation strategy can only be described as fitting the prototype of a trial strategy of extortion by unreasonably aggressive and obstructive litigation practices. In other words, they attempted to make the litigation so unpleasant and so costly that the defendants would be forced to settle.
On at least seven different occasions the trial court ordered Ergonome and Brown to comply with alter ego discovery. Additionally, the court ordered the Ergonome defendants to comply with these discovery requests within thirty days or face a $1,000 per day fine. Ergonome responded by filing a frivolous bankruptcy petition which was dismissed by the bankruptcy court on the ground that Brown was seeking to avoid the consequences of having attorney’s fees assessed against her in this action. The trial court then levied a $34,000 sanction against Brown and her attorneys for failing to comply with discovery orders. Eventually the court advised Ergonome and Brown that if they did not *416 comply with the alter ego discovery requests within thirty days, alter ego would be admitted as a discovery sanction. Yet in face of all of this, Ergonome and Brown only provided cursory answers. As a last resort, the trial court imposed the sanction of taking alter ego as having been established, the issue as to which Ergonome had stonewalled Compaq by failing to provide adequate discovery.
Additionally, Ergonome and Brown filed three meritless petitions for writs of mandamus to the Fifth Circuit in this litigation. A writ of mandamus is an extraordinary remedy that is rarely granted. See In re Avantel, S.A., 343 F.3d 311, 317 (5th Cir.2003). After the third writ of mandamus, the Fifth Circuit warned Ergonome and Brown that the petition was arguably frivolous and could entitle Compaq to attorney’s fees. Besides filing for three writs of mandamus, Ergonome employed another unusual tactic by filing a motion for interlocutory appeal to the Fifth Circuit which was denied.
But that is not all. Ergonome filed a 60-page memorandum asking the trial judge to recuse herself on a relatively straightforward and tenuous basis. When the trial court refused to recuse herself, Ergonome followed up with a frivolous 39-page motion to reconsider the denial of the motion to recuse. Ergonome also filed a 63-page request, based on a farfetched theory, that plaintiffs be referred for prosecution. The trial court refused to do so. Ergonome made a demand for $800 million in their complaint. Based on the record in this case, such a demand was preposterous. The trial strategy of the Ergonome defendants was clearly vexatious and oppressive.
The trial court found that there was “an incredible amount of gamesmanship” by Ergonome and Brown and that they had “not acted in good faith.” Since lesser sanctions did not get the defendants’ attention and did not result in an appropriate response to discovery, and in view of the oppressive and obstructive litigation strategy of the defendants, the sanction imposed by the trial court was appropriate.